IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNETTE CRENSHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 4:13CV 1152 |
| v. | § | |
| | § | |
| INTERIOR FABRICS | § | |
| D/B/A CUTTING CORNERS | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |



## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, ANNETTE CRENSHAW, filing her Original Complaint complaining of Defendant, INTERIOR FABRICS D/B/A CUTTING CORNERS, and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title I of the Americans With Disabilities Act of 1990 ("ADA), Age Discrimination In Employment Act and Workers' Compensation Act.

2. ANNETTE CRENSHAW ("Plaintiff") resides in Spring, Texas. Plaintiff is over 40 years of age, disabled in one or more of the three ways defined by

ADA, and instituted a claim and sought benefits under the Texas Workers' Compensation Act. Plaintiff was at all relevant times an employee within the meaning of the aforementioned applicable statutes.

3. Defendant, INTERIOR FABRICS D/B/A CUTTING CORNERS, operates in Texas with its main location at 6705 Cypress Creek Parkway, Houston, Texas 77069. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

4. Defendant engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

**VICARIOUS LIABILITY–RESPONDEAT SUPERIOR**

6. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

7. The acts of management were performed while in the employment of

Defendant, to further Defendant's business, to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to these employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about January 10, 2013. In that Charge, No. 460-2013-00929, and any amendments and/or attachments thereto, Plaintiff asserted that Defendant discriminated against her because of her disability, her age and retaliated against her for filing a prior Workers' Compensation claim.

9.The EEOC issued Plaintiff a Right To Sue Letter dated January 24, 2013. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10.On or about January 16, 2011, INTERIOR FABRICS D/B/A CUTTING CORNERS ("Defendant") hired CRENSHAW as a Sales Associate.

11.Upon hire, CRENSHAW was 58 years old.

12.CRENSHAW delighted in having this job because she had extensive prior experience in the fabric industry.

13.Although CRENSHAW was part-time, she initially worked well

beyond 20 hours per week.

14.  CRENSHAW noticed that management constantly referenced older people in a highly offensive manager.

15.  On or about February 4, 2012, CRENSHAW injured her knee at work when she tripped over a roll of fabric hitting her knee on a rolling table.

16.  On or about February 6, 2012, CRENSHAW informed management of an on-the-job knee injury.

17.  After reporting such, Manager Susan Beasson's attitude and conduct towards CRENSHAW changed for the worse.

18.  Manager Susan Beasson helped CRENSHAW complete the necessary paperwork initiating a Workers' Compensation claim but appeared severely agitated towards CRENSHAW thereafter.

19.  CRENSHAW took a few days off of work because of the knee injury but returned to work soon thereafter.

20.  CRENSHAW's hours were significantly reduced.

21.  After her workplace injury and before CRENSHAW was terminated, a younger employee was hired.

22.  On approximately February 25, 2012, CRENSHAW took a customer call. The customer said that she had been in the store the day before and was helped by a man and a woman. She then asked CRENSHAW if CRENSHAW was the

female who helped her previously. CRENSHAW responded in the negative but offered to assist now. The customer repeatedly referred to CRENSHAW as a manager despite CRENSHAW's correcting her.

23. On or about February 28, 2012, CRENSHAW was terminated for allegedly "impersonating a manager."

24. CRENSHAW had no prior disciplinary actions. Instead, she had received nothing but positive feedback about her work.

25. Since the workplace injury, CRENSHAW has had several surgeries on her knee.

26. The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability, age and workers' compensation claim.

## IV.
## CAUSES OF ACTION

A. **WORKERS' COMPENSATION RETALIATION)**

27. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

28. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights by discharging Plaintiff in retaliation for Plaintiff instituting a claim

under the Texas Workers' Compensation Act and seeking benefits under the Act. Such termination violated §451.001, et seq., of the Texas Labor Code and was illegal. As a proximate result of this unlawful act, Plaintiff suffered damages.

**B.** **AGE DISCRIMINATION ("ADEA")**

29. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

30. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of the ADEA.

31. Defendant engaged in unlawful intentional discrimination against plaintiff on the basis of her age. Plaintiff was repeatedly demeaned, stereotyped and undervalued because of her age.

**C. DISABILITY DISCRIMINATION ("ADA")**

32. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

33. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of the ADA.

34. Defendant engaged in unlawful intentional discrimination against plaintiff on the basis of her actual disability, her history and record of having a disability, and/or

because she was regarded as having a disability stemming from her knee condition.

35. Defendant's acts as alleged herein were motivated by and due in substantial part to Plaintiff's actual disability, Plaintiff's history and record of disability, and/or Defendant's perception that Plaintiff is disabled.

36. Further, Defendant harassed Plaintiff in a willful manner.

## V.
## JURY DEMAND

37. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

38. Defendant's conduct constitutes violations of statutory. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages in an amount to be proved at trial.

39. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to seek legal representation to represent her in these causes of action Plaintiff anticipated entering an agreement with an attorney for reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal

thereof should same become necessary.

40. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

41. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of age, disability and participation in a Workers' Compensation proceeding.
b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;
c. Compensatory damages for pain and mental suffering in the past and future;
d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;
e. Reasonable attorney's fees, with conditional awards in the event of appeal;
f. Pre-judgment interest at the highest rate permitted by law;
g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;
h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and

      prosecution of this action; and
i.   Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

*Annette Crenshaw*

Annette Crenshaw
18506 Ella Boulevard
Spring, TX 77388
281-288-4605